UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ENERSON,

        Plaintiff,

v.                             Case No:  2:12-cv-463-Ftm-38UAM

A. PERGONAS and LARRY ELROD,

        Defendants.

_____/

## OPINION AND ORDER[1]

     This matter comes before the Court upon review of the file.  Robert Enerson ("Plaintiff"), a prisoner currently confined at the Desoto Correctional Institution Annex in Arcadia, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed June 14, 2012).  Plaintiff's amended complaint is presently before the Court (Doc. 28, filed May 15, 2013).  The amended complaint contains claims arising from the installation of a ceiling fan in Plaintiff's cell that fell five hours after installation and injured Plaintiff.  Plaintiff names Larry Elrod and Officer Pergonas as defendants. Defendant Elrod has filed a motion to dismiss Plaintiff's amended complaint in its entirety for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies.  The motion to dismiss argues that Defendant Elrod is entitled to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Eleventh Amendment immunity and qualified immunity.   Plaintiff filed a response to the motion (Doc. 41).   The motion is ripe for review.

Because the Court concludes that, as a matter of law, Plaintiff's allegations, even if true, do not state a claim for a violation of a specific constitutional right or federal statutory provision, Defendant Elrod's motion to dismiss is granted.   In addition, Plaintiff's claims against Defendant Pergonas are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.   <u>Complaint</u>

The facts, as alleged by Plaintiff and taken as true at this stage of the proceedings, are as follows:

On July 9, 2008, Plaintiff was informed by Defendant Pergonas that an inmate work crew would remove a ceiling fan from another dorm (A-2) and install it over Plaintiff's bed in dorm A-1 (Doc. 29 at ¶ 5).   Defendant Pergonas told Plaintiff that the fan would be removed from A-2 because another inmate had "swung from the fan causing the fan to separate from its mounting point and fall to the floor[.]"  <u>Id.</u>  Defendant Pergonas instructed the work crew to remove a non-functioning ceiling fan over Plaintiff's bed in A-1 and to remove the safety cable from the replacement fan before installation.  <u>Id.</u> at ¶ 4.

Defendant Pergonas left the inmate work crew under the sole supervision of Defendant Elrod who subsequently told the crew to remove the mounting bracket from A-2 and to remove the intact bracket over Plaintiff's bed (Doc. 29 at ¶ 5).   Defendant Elrod instructed the crew to install both the bracket and the replacement fan from A-2 over Plaintiff's bed.  <u>Id.</u>  Elrod supervised the inmate work crew to ensure compliance with his instructions.  <u>Id.</u>  Five hours after installation, the ceiling fan fell on Plaintiff when the mounting bracket failed.  <u>Id.</u> at ¶ 6.

Plaintiff alleges that, as a result of being struck by the fan, he suffered a concussion, extreme pain in the left side of his face and neck, lacerations, and was admitted to the infirmary overnight for observation.   He claims that he still suffers permanent pain in his neck, episodic headaches, and ringing in his left ear. (Doc. 29 at ¶ 6).[2]

In Claim One, Plaintiff alleges that Defendants Elrod and Pergonas, in their individual capacities, acted with deliberate indifference to a known threat by "utilizing a mounting bracket substantially compromised or broken to hang a ceiling fan over Plaintiff's sleeping area," causing Plaintiff's injuries (Doc. 29 at 5).   In Claim Two, Plaintiff alleges that both defendants are liable for negligence in their individual and official capacities.   Id.

As relief, Plaintiff seeks monetary relief from each defendant in the form of $250,000 in compensatory damages and punitive damages due to the defendants' "callous disregard for Plaintiff's safety by hanging a ceiling fan from a mounting bracket that had previously failed to hold the same fan to the ceiling." (Doc. 29 at 7).

## II.   Legal Standards

### a.   Standard of review for a motion to dismiss

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.   La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).   Thus, the Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff.   Pielage v. McConnell, 516

---

[2] Plaintiff filed a separate complaint against the medical providers who rendered care after he was hit by the ceiling fan (Case No. 2:09-cv-316-UA-SPC).   In that case, Plaintiff alleged that his Eighth Amendment rights were violated by the defendants' alleged deliberate indifference to the injuries he sustained after the ceiling fan fell on him.   A settlement was reached in that case (Case No. 2:09-cv-316-UA-SPC at Doc. 116).

F.3d 1282, 1284 (11th Cir. 2008).   Conclusory allegations, however, are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 585 (2007) (internal citations omitted).  The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss.  Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  Twombly, 550 U.S. at 556;  Marsh, 268 F.3d at 1036 n.16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  Iqbal, 556 U.S. 662, 677.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id. Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980).

### b.      Standard of review under 28 U.S.C. § 1915(e)

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review Plaintiff's amended complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).   In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.   The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)     the allegation of poverty is  untrue; or
>
> (B)     the action or appeal-
>
>> (i)      is frivolous or malicious;
>>
>> (ii)     fails to state a claim on  which relief may be granted; or
>>
>> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. <u>Id.</u> at 327.  In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. <u>Clark v. Georgia Pardons & Paroles Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 555–56.

### III.   Analysis

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law.   Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1265 (11th Cir. 2010).   Construing Plaintiff's claims in a liberal fashion, the Court determines that he seeks damages from the defendants under the Eighth Amendment based upon the defendants' alleged deliberate indifference to a risk of serious harm to Plaintiff and based upon the defendants' alleged negligence in hanging a ceiling fan on a defective mounting bracket.

### a.   Plaintiff's "official capacity" claims are barred by the Eleventh Amendment

Plaintiff has sued both defendants in their official and individual capacities (Doc. 29 at 5).   In his prayer for relief, Plaintiff seeks only monetary relief in the form of compensatory and punitive damages. Id. at 6.

The Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985).   "Absent a

6

legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court."   Gamble v. Fla. Dep't of Health and Rehabilitative Servs., 779 F.2d 1509, 1511 (11th Cir. 1986); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.") (citations omitted).   A suit against a state employee in his or her official capacity is deemed a suit against the state for Eleventh Amendment purposes. Will, 491 U.S. at 71; Gamble, 779 F.2d at 1512 (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983.").

Plaintiff's official capacity claims against Defendant Elrod and Defendant Pergonas seek only monetary relief against the State of Florida, which is immune from such relief. Therefore, Plaintiff's claims against both defendants in their official capacities are dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Plaintiff has not stated an Eighth Amendment claim against Defendant Pergonas

Plaintiff alleges that both defendants "acted with deliberate indifference to the known threat posed to Plaintiff's health by utilizing a mounting bracket substantially compromised or broken to hang a ceiling fan over Plaintiff's sleeping [area] and such deliberate indifference contributed to or was the proximate cause of Plaintiff's injuries

7

suffered when the bracket failed and the ceiling fan dropped onto Plaintiff[] unaware."
(Doc. 29 at 5).

Not every injury that a prisoner sustains while in prison represents a constitutional
violation.   A prisoner claiming an Eighth Amendment violation must show that the
deprivation he suffered was "objectively, sufficiently serious" and that prison officials were
deliberately indifferent to his safety in allowing the deprivation to take place. Farmer v.
Brennan, 511 U.S. 825, 834 (1994).[3]    Deliberate indifference is equivalent to
"recklessness" as it is used in criminal law, "when a person disregards a risk of harm of
which he is aware." Id. at 836-37.   In the Eleventh Circuit, to find deliberate indifference on
the part of a prison official, a plaintiff must show: (1) the defendant's subjective knowledge
of the risk of serious harm; and (2) disregard of that risk by conduct that is more than gross
negligence.  Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

In his amended complaint, Petitioner alleges that Defendant Pergonas told him that
a ceiling fan would be removed from A-2 dorm and installed over Plaintiff's bed in A-1
dorm.  The fan was being moved from A-2 dorm because an inmate had swung from the
fan, causing it "to separate from its mounting point and fall to the floor."  Plaintiff alleges
that Defendant Pergonas instructed the inmate work crew to remove the safety cable from
the fan before installing it over Plaintiff's bed.  Plaintiff further alleges that, immediately
after Defendant Pergonas left the inmate work crew, Defendant Elrod "changed" Pergonas'
instructions to the work crew installing the fan by ordering that the "intact" mounting
bracket over Plaintiff's bed be replaced with the mounting bracket from A-2.   Plaintiff

---

[3] For the sake of this Order only, the Court will assume that the deprivation suffered by
Plaintiff was objectively, sufficiently serious.

alleges that, five hours after its installation, the ceiling fan fell and struck him when the mounting bracket holding the fan to the ceiling failed (Doc. 29 at ¶¶ 3-6).

Plaintiff asserts that the ceiling fan fell because the A-2 mounting bracket "failed for a second time" and that Pergonas had "instructed the inmate work crew to remove the fan's safety cable." Plaintiff asserts that defendant Pergonas "demonstrated a callous disregard [f]or Plaintiff's safety by hanging a ceiling fan from a mounting bracket that had previously failed to hold the same fan to the ceiling." (Doc. 29 at ¶ 6; Doc. 41 at 3).

The facts, as alleged by Plaintiff, do not show that Defendant Pergonas was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" regarding the defective mounting bracket. Farmer, 511 U.S. at 837.   To the contrary, Plaintiff's amended complaint alleges that, after Pergonas left the work site, Defendant Elrod changed Defendant Pergonas' order and told the inmate work crew to remove the "intact" mounting bracket from A-1 and replace it with the A-2 bracket.

In his response to the motion to dismiss, Plaintiff alleges that [Pergonas] picked up the intact mounting bracket and the broken ceiling fan before his departure with the inmate work crew." (Doc. 41 at 4).   Presumably, Plaintiff suggests that, by picking up the broken ceiling fan and its companion mounting bracket, Pergonas should have known that a different mounting bracket had been used to hang the ceiling fan in A-1.   Even if Defendant Pergonas was, or should have been, aware that Defendant Elrod used the A-2 mounting bracket to hang the fan in A-1, Plaintiff has not alleged facts from which it can be inferred that Defendant Pergonas was subjectively aware that the A-2 bracket could fail after it was used to hang the fan in A-1.   Plaintiff alleged in his amended complaint that the ceiling fan in the A-2 dorm fell as a result of an inmate swinging from it, not as a result of a defective mounting bracket.   Even if Pergonas should have drawn an inference that the swinging

inmate may have damaged the A-2 mounting bracket, an official's failure to alleviate a significant or even obvious risk that he should have perceived, but did not, does not constitute a violation of the Eighth Amendment.  Farmer, 511 U.S. at 835.

Finally, although Defendant Pergonas' decision to remove a safety cable from the A-2 ceiling fan after the inmate had swung on it, was perhaps negligent or even unreasonable, it does not demonstrate a sufficiently culpable state of mind to establish an Eighth Amendment constitutional violation.   Mere knowledge by the official of unsafe conditions does not establish deliberate indifference -- The United States Constitution does not guarantee due care on the part of state officials.  Davidson v. Cannon, 474 U.S. 344, 346-48 (1986) ("[t]he guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials."); Whitley v. Albers, 475 U.S. 312, 319 (1986) ("[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." ).

Accordingly, while Plaintiff's allegations against Defendant Pergonas may state a claim for simple negligence, they do not meet the threshold of a constitutional violation. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).   Plaintiff's Eighth Amendment claims against Defendant Pergonas are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c.    *Plaintiff has not stated an Eighth Amendment Claim against Defendant Elrod*

Plaintiff alleges that Defendant Elrod was deliberately indifferent to a substantial risk of harm because he ordered the inmate work crew to use the mounting bracket from the A-2 dorm in the A-1 dorm, and the bracket ultimately failed, causing a ceiling fan to fall onto Plaintiff.   Plaintiff alleges that Defendant Elrod should have known the A-2 bracket was

defective because it had failed earlier when an inmate swung from the ceiling fan which the bracket supported.    Although Plaintiff has alleged sufficient facts to support an inference that the A-2 mounting bracket could not support the weight of an inmate, nothing in the amended complaint suggests that Defendant Elrod was subjectively aware that the bracket could not support the weight a ceiling fan under ordinary use.   In fact, Plaintiff alleges that the A-1 fan functioned normally for five hours after installation (Doc. 29 at ¶ 6).

Even if Defendant Elrod should have assumed that the A-2 mounting bracket was damaged as a result of the swinging inmate, an official's failure to alleviate a significant or obvious risk that he should have perceived, but did not, does not constitute a violation of the Eighth Amendment.   Farmer, 511 U.S. at 835.   The United States Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.   County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).   See e.g. Davidson, 474 U.S. at 346-48 (explaining that the government officials' mistaken belief that a situation was not serious resulting in the plaintiff receiving a broken nose and injuries from being stabbed repeatedly with a fork was simply a lack of due care and did not constitute a constitutional violation); Benson v. Cady, 761 F.2d 335 (7th Cir. 1985) (allegation that prison officials failed to inspect and maintain cell beds and exercise equipment which, in two separate incidents, fell and injured inmate was merely an allegation that officials did not exercise due care, and did not evidence the deliberate indifference to an unreasonable risk of harm posed by inmate's physical environment that would be sufficient to state a claim for violation of the Eighth Amendment.);   Jabbar v. Fischer, 683 F.3d 54 (2d. Cir. 2012) (prison official's failure to provide seatbelt to prisoner in transport vehicle was not cruel and unusual punishment under the Eighth Amendment); Baker v. Alford, Case No. 3:11-cv-675, 2011 WL 2601516

(N.D. Tex. 2011) (plaintiff's assertion that defendants had prior knowledge of a defective stool but failed to repair it, subsequently resulting in the plaintiff's fall and injuries, constituted negligence at most); Hawkins v. Nassau County Correctional, 781 F.Supp.2d 107 (E.D.N.Y. 2011) (prison official's alleged negligent failure to clean up water on floor, causing injury to prisoner when he slipped, did not rise to Eighth Amendment violation).

Plaintiff has asserted facts which may state a claim for negligence, but he has not stated facts from which it can be inferred that Defendant Elrod was subjectively aware of a substantial risk of harm to Plaintiff if the mounting bracket from the A-2 dorm was used to hang a ceiling fan in A-1 dorm.   Accordingly, the Eighth Amendment claims against Defendant Elrod are dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### d.     Plaintiff's claims for negligence are dismissed

Plaintiff titles Count Two of his amended complaint, "Negligence."   In the claim, Petitioner asserts that the defendants negligently hung a ceiling fan over Plaintiff's sleeping area and that this action "contributed to or was the proximate cause of Plaintiff's injuries suffered when the bracket failed and the ceiling fan dropped onto Plaintiff unaware." (Doc. 29 at 5).

Liberally construing Claim Two of Plaintiff's amended complaint, the Court concludes that Plaintiff advances a claim for simple negligence.   However, mere negligence is not actionable under § 1983.  See Farmer, 511 U.S. at 835-36 & n.4; Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir. 1996) (neither negligence or gross negligence rises to the level of a constitutional deprivation); Harris v. Coweta County, 21 F.3d 388, 392 (11th Cir. 1994) (negligence is not a constitutional tort under § 1983).

Accordingly, Petitioner's claims for negligence against both defendants are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). [4]

Because Plaintiff's amended complaint is dismissed in its entirety, the Court will not address Defendant Elrod's other grounds for dismissal.

**ACCORDINGLY**, it is hereby **ORDERED**:

1.    Defendant Elrod's motion to dismiss (Doc. 31) is **GRANTED** for the reasons set forth in this Order.

2.    All claims against Defendant Pergonas are **DISMISSED** pursuant to 28 U.S.C. § 1915(2)(2)(B)(ii).

3.    The Clerk of Court is directed to terminate any pending motions, enter judgment in accordance with this order, and close this case.

**DONE and ORDERED** in Fort Myers, Florida on November 12, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:    OrlP-4  11-5
Copies furnished to: all parties of record

---

[4]A district court has discretion to exercise supplemental or pendent jurisdiction over claims arising under state law when the Court has jurisdiction "over a substantial federal claim" and the federal and state claims "arise out of the same nucleus of operative fact and are of such a nature that a plaintiff would be expected to try them all in the same proceedings." Edwards v. Okaloosa County, 5 F.3d 1431, 1433 (11th Cir. 1993).   Here, Plaintiff's negligence claim arising from the ceiling fan installation is related to his Eighth Amendment deliberate indifference claims.   However, because the Court dismisses Plaintiff's Eighth Amendment claims, it will not exercise pendent jurisdiction over the negligence claims.